Filed Oct. 19, 1889.

---

No. 15,084.

## THE STATE v. DITTMAR.

CRIMINAL LAW.—*Oppressive Garnishment.*—*Exemption Laws.*—*Sending Claim Out of State to Evade.*—One who himself takes a claim out of this State with intent to deprive a debtor of the benefit of the exemption laws by instituting proceedings in garnishment in another State, " sends " the claim out of the State, within the meaning of section 2162, R. S. 1881, making such act an offence.

From the Dubois Circuit Court.

*L. T. Michener,* Attorney General, *J. L. Bretz,* Prosecuting Attorney, and *J. H. Gillett,* for the State.

*C. L. Jewett,* for appellee.

OLDS, J.—This is a prosecution under section 2162, R. S. 1881. The prosecution was commenced before a justice of the peace. There was an appeal to the circuit court, and on leave of court the defendant withdrew his plea of not guilty and moved to quash the affidavit, which motion was sustained, to which ruling of the court the State excepts and appeals and assigns such ruling as error.

The affidavit charges that the defendant Dittmar on the 13th day of February, 1889, at said county of Dubois and State of Indiana, being then and there the owner of a certain demand on contract against him, the said Isaac A. Lockwood, amounting to the sum of $16.55, with intent, thereby to deprive the said Isaac A. Lockwood of his rights under the statutes of Indiana, on the subject of the exemption of property on proceedings in garnishment, did then and there unlawfully take upon his person said claim into the State of Kentucky for the purpose of collecting the same by proceedings in garnishment against the said Isaac A. Lockwood and against the Louisville, Evansville and St. Louis Railroad Company as garnishee defendant, etc.

The objection made to the affidavit is, that the allegation that the defendant " did unlawfully take upon his person said claim into the State of Kentucky" does not charge a crime under section 2162 of the statute, which declares that whoever sends or causes to be sent out of the State of Indiana any claim for debt to be collected by proceedings in attachment, garnishment, etc., shall upon conviction thereof be fined, etc. This presents the same question as was presented and decided in the case of *State* v. *Dittmar, ante,* p. 54. Upon the authority of that case we hold that the affidavit is sufficient, and the court erred in sustaining the motion to quash.

Judgment reversed, at the costs of the appellee, with instructions to overrule the motion to quash.

Filed Oct. 19, 1889.